Filed 3/28/23  In re L.L. CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re L.L., et al., Persons Coming Under the Juvenile Court Law. | 2d Juv. No. B322402 (Super. Ct. Nos. 20JV00283, 20JV00284) (Santa Barbara County) |
| SANTA BARBARA COUNTY DEPARTMENT OF SOCIAL SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>L.P.,<br><br>Defendant and Appellant. | **ORDER MODIFYING OPINION AND DENYING REHEARING**<br><br>**[NO CHANGE IN THE JUDGMENT]** |

THE COURT:

It is ordered that the opinion filed herein on March 14, 2023, be modified as follows:

1.	On page 6, at the top of the page, after the sentence beginning with "The duty to inquire" and ending with "an Indian child" the citation is modified to read as follows:

    (§ 224.2, subds. (a)-(c); *In re E.L.* (2022) 82 Cal.App.5th 597, 607, review granted Nov. 30, 2022, S276508.)

2.	On page 6, the third full paragraph, after the sentence beginning with, "Currently, there is a split of authority" and ending with "pursuant to ICWA," insert a new sentence as follows:

    This issue is pending review before our state Supreme Court.  (*In re Kenneth D.* (2022) 82 Cal.App.5th 1027, review granted Nov. 30, 2022, S276649.)

    There is no change in judgment.
    Appellant's petition for rehearing is denied.

---

GILBERT, P. J.             YEGAN, J.             BALTODANO, J.

Filed 3/14/23  In re L.L. CA2/6 (unmodified opinion)
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re L.L., et al., Persons Coming Under the Juvenile Court Law. | 2d Juv. No. B322402 (Super. Ct. Nos. 20JV00283, 20JV00284) (Santa Barbara County) |
| SANTA BARBARA COUNTY DEPARTMENT OF SOCIAL SERVICES,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>L.P.,<br><br>    Defendant and Appellant. | |

L.P. (mother) appeals the juvenile court's orders terminating her parental rights to her minor children, L.L., and J.L., and selecting adoption as the permanent plan.  (Welf. &

Inst. Code, § 366.26.)[1]  Mother's sole contention on appeal is that the Santa Barbara County Child Welfare Services (CWS) and the juvenile court failed to comply with their duty of initial inquiry pursuant to the Indian Child Welfare Act of 1978 (ICWA) (25 U.S.C., § 1901 et seq.) and related California law because extended family members were not asked about possible Indian ancestry.[2]  We conclude the error was harmless in view of the recent augmentation of the appellate record, which reflects CWS has complied with its duty of initial inquiry and no known Indian ancestry has been revealed.  We affirm.

*Facts and Procedural History*

In July 2020, CWS petitioned the juvenile court to detain 20-month-old L.L. and 9-month-old J.L. from mother and Frank L. (father) due to ongoing domestic violence, substance abuse, both parents' criminal histories, and mother's untreated mental health issues.[3]  The petition included an "Indian Child Inquiry Attachment" that indicated neither parent gave any reason to believe the children are or may be Indian children.

At the detention hearing, father denied any Indian ancestry when asked by the juvenile court.  Mother was not present for the hearing.  The juvenile court found there was no

---

[1] All further undesignated statutory references are to the Welfare and Institutions Code.

[2] "[B]ecause ICWA uses the term 'Indian,' we do the same for consistency, even though we recognize that other terms, such as 'Native American' or 'indigenous,' are preferred by many." (*In re Benjamin M.* (2021) 70 Cal.App.5th 735, 739, fn. 1.)

[3] We granted mother's request for judicial notice of the related appellate case number B311378.

reason to believe or reason to know the children are Indian children and found ICWA did not apply.

Thereafter, the juvenile court held a hearing to appoint counsel for mother. At that hearing, mother denied any Indian ancestry when asked by the juvenile court. Mother also completed an ICWA-020 form, "Parental Notification of Indian Status," and declared, under penalty of perjury, that none of the criteria indicating Indian ancestry applied to her or her children.

In August 2020, the juvenile court held the disposition hearing and found there was no reason to know the children were Indian children and found ICWA did not apply. It sustained the amended petition and ordered family reunification services for both parents.

During CWS's investigation and consideration of relative placements, CWS contacted paternal great grandparents, with whom L.L. and J.L. were subsequently placed. It also contacted maternal grandmother. The record does not indicate that CWS asked any of these extended family members about L.L.'s and J.L.'s possible Indian ancestry. The record similarly does not indicate that the juvenile court inquired of any extended family member about the minor children's possible Indian ancestry during court proceedings, even though various relatives appeared at the proceedings, including paternal great grandparents, paternal aunt, maternal grandmother, and maternal aunt.

In March 2021, the juvenile court held a contested six-month review hearing. Following the hearing, the juvenile court terminated both parents' reunification services and set the matter for a permanency planning hearing pursuant to section 366.26.

3

In October 2021, the juvenile court held a combined hearing to consider mother's section 388 petition and conduct the contested section 366.26 hearing. At the request of county counsel, the juvenile court once again found there was no reason to believe that ICWA would apply. Paternal great grandmother and maternal grandmother were present in the courtroom and made no objection. The juvenile court granted mother's section 388 petition and ordered additional reunification services for her.

In January 2022, at the eighteen-month review hearing, the juvenile court terminated mother's reunification services and set the matter for a permanency planning hearing pursuant to section 366.26.

In July 2022, two years after L.L. and J.L. were detained from mother and father, the juvenile court terminated parental rights following a contested section 366.26 hearing, found the children's placement with paternal great grandparents was appropriate, and found by clear and convincing evidence the children are likely to be adopted.

*Motion to Augment*

On November 14, 2022, prior to filing its respondent's brief, CWS filed a motion to augment the record on appeal to include evidence of an updated "ICWA MATRIX" for L.L. and J.L. that CWS filed in the juvenile court on October 28, 2022. The document reveals that between September 2022 and October 2022, CWS contacted paternal great grandmother, paternal great grandfather, paternal aunt, and maternal grandmother, all of whom indicated there was no known Indian ancestry in their family. The document also reveals that on October 13, 2022, two months after mother filed this appeal, she contacted CWS and informed them that maternal aunt, whom CWS had attempted to

contact, was a minor.  Mother reiterated that there was no Indian ancestry in her family "as they are all from Mexico."

After CWS moved to augment the record with the updated ICWA matrix, mother filed an opposition.  She contends this court should reject the motion "because it is an attempt to circumvent the requirements of Code of Civil procedure 909; because it would place this court in a fact-finding position; and because it does not resolve the issue on appeal."  We deferred resolution of CWS's motion to augment pending completion of briefing.

We determine that the application of Code of Civil procedure 909 is appropriate in this case, as we shall explain below, and grant CWS's motion to augment the record.

*Discussion*

Mother contends the judgment terminating her parental rights should be conditionally affirmed and the matter remanded to the juvenile court due to the failure of CWS and the juvenile court to comply with their duty of initial inquiry whether L.L. and J.L. are or may be Indian children.

We review claims of inadequate inquiry into a child's Indian ancestry for substantial evidence.  (*In re Rebecca R.* (2006) 143 Cal.App.4th 1426, 1430; § 224.2, subd. (i)(2).)

ICWA defines an "Indian child" as "any unmarried person who is under age eighteen and is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe."  (25 U.S.C. § 1903(4) & (8); § 224.1, subd. (a).)  The juvenile court and the county child welfare department have an affirmative and continuing duty to inquire whether a child subject to dependency proceedings is or may be an Indian child.  (§ 224.2, subd. (a); Cal.

5

Rules of Court, rules 5.481(a) & 5.668(c).) The duty to inquire begins with the initial contact and obligates the juvenile court and the child services agency to ask the child, parents, extended family members, and others who have an interest in the child, whether the child is, or may be, an Indian child. (§ 224.2, subds. (a)-(c); *In re E.L.* (2022) 82 Cal.App.5th 597, 607.)

Here, both mother and father repeatedly denied having any Indian ancestry when asked by CWS and by the juvenile court. Mother also completed the ICWA-020 form and checked the box indicating she had no Indian ancestry. There was no objection when the juvenile court found that ICWA did not apply. However, the record does not reflect that CWS or the juvenile court made the required inquiries of extended family members. CWS admits that it contacted extended family members during the course of this case, prior to appeal, and "failed to include any ICWA inquiry in the record."

The question becomes whether the error is harmless. (*People v. Watson* (1956) 46 Cal.2d 818, 836; Cal. Const., art. VI, § 13.)

Currently, there is a split of authority as to whether an appellate court should consider additional evidence outside the lower court record concerning a child services agency's investigatory efforts pursuant to ICWA. We conclude that additional evidence may be considered in certain circumstances, where as here, the evidence resolves appellant's ICWA claim of error on appeal.

Code of Civil Procedure section 909 permits appellate courts to make independent factual findings and take additional evidence on appeal. Our Supreme Court cautions that this authority should be exercised sparingly. (*In re Zeth S.* (2003) 31

6

Cal.4th 396, 405.) But Code of Civil Procedure section 909 "also mandates it shall be liberally construed where a cause may be disposed of in a single appeal." (*In re E.L.*, *supra*, 82 Cal.App.5th at p. 600.) "When, however, postjudgment evidence is offered to an appellate court in support of a motion to dismiss a juvenile dependency appeal, it is 'routinely conder[ed]' because, if the motion is granted, it will have 'the beneficial consequence' of "'expedit[ing] the proceedings and promot[ing] the finality of the juvenile court's orders and judgment.""" (*In re Allison B.* (2022) 79 Cal.App.5th 214, 219; *In re Dezi C.* (2022) 79 Cal.App.5th 769, 779, fn. 4, review granted Sept. 21, 2022, S275578.)

Here, the ICWA matrix offered by CWS reflects that after mother filed her appeal, CWS interviewed all extended family members with whom it made contact, and each denied Indian ancestry. Accordingly, the deficiency in CWS's duty of initial inquiry has subsequently been cured. Augmentation of the record in this case, permits us to "achieve now what the trial court would do on remand – find that ICWA does not apply." (*In re E.L.*, *supra*, 82 Cal.App.5th at p. 608.) Therefore, remand of the matter would be redundant and would unnecessarily delay the likelihood of adoption of L.L. and J.L.

Mother resists this conclusion and contends augmentation of the record does not resolve the error because CWS could have inquired of additional extended family members, including paternal grandmother whose contact information was listed in a police report filed with the court, and maternal grandfather who was referenced in the disposition report.

But the augmented record reflects that CWS has complied with its initial duty to inquire of those extended family members with whom it had contact. (See *In re J.C.* (2022) 77 Cal.App.5th

70, 78-79.)  We recognize that any investigation can always be more robust.  However, we will not "set aside" the juvenile court's judgment unless it "has resulted in a miscarriage of justice." (Cal. Const., art. VI, § 13.)  Here, it has not.  There is no information to suggest that L.L. and J.L. might be Indian children or that inquiry of additional extended family members would reveal some evidence of Indian ancestry.

We conclude the failure of CWS and the juvenile court to comply with their duty of initial inquiry has subsequently been cured as evidenced by the augmented record on appeal, and therefore the error is harmless.

*Disposition*

The judgment (orders terminating parental rights and selecting adoption as the permanent plan) is affirmed.

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:

GILBERT, P. J.

BALTODANO, J.

8

Gustavo Lavayen, Judge
Superior Court County of Santa Barbara

_____

Carol A. Koenig, under appointment by the Court of Appeal, for Defendant and Appellant.

Rachel Van Mullem, County Counsel, Lisa A. Rothstein, Senior Deputy County Counsel, for Plaintiff and Respondent.